IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RYAN KEITH MASON              §
(TDCJ No. 1880542),          §
                             §
        Petitioner,          §
                             §
V.                           §            No. 3:16-cv-2440-C-BN
                             §
LORIE DAVIS, Director         §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,   §
                             §
        Respondent.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ryan Keith Mason, a Texas inmate, has filed a *pro se* application for

writ of habeas corpus under 28 U.S.C. § 2254, which he was allowed to amend. *See* Dkt.

Nos. 3 & 17. This resulting action has been referred to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing

order of reference from Senior United States District Judge Sam R. Cummings. For the

reasons explained below, the Court should deny Mason's habeas petition as amended.

**Applicable Background**

In 2013, a jury in Ellis County, Texas found Mason "guilty of possession of a

controlled substance, namely methamphetamine, in an amount of four grams or more

but less than 200 grams, with intent to deliver, and assessed his punishment,

enhanced by prior felony convictions, at sixty-eight years' imprisonment, 'to be served

consecutive with any other sentences and parole revocations, beginning after the other

sentences are completed.'" *Mason v. State*, No. 10-13-00368-CR, 2014 WL 5093999, at

*1 (Tex. App. – Waco Oct. 9, 2014, pet. ref'd); *see State v. Mason*, No. 369847CR (40th Dist. Ct., Ellis Cty., Tex.). This criminal judgment was affirmed as modified, to reflect that Mason's "sentence shall begin when the judgment and sentence from the 13th District Court in Navarro County in Cause No. 00-00-30241-CR for possession of a penalty-group 1 controlled substance, in an amount of over four grams but under 200 grams, with intent to deliver, whose sentence is fifteen years' imprisonment, shall have ceased to operate." *Mason*, 2014 WL 5093999, at *9. And the Texas Court of Criminal Appeals (the "CCA") refused discretionary review. *See Mason v. State*, PD-1425-14 (Tex. Crim. App. Apr. 1, 2015). The CCA also denied Mason's state habeas petition without written order on the findings of the trial court without a hearing. *See Ex parte Mason*, WR-83,957-01 (Tex. Crim. App. Mar. 2, 2016) [Dkt. No. 11-17]; *see also* Dkt. No. 14-2 at 32-34 (trial court findings of fact and conclusions of law).

The issue raised in Mason's Section 2254 application as amended is whether his trial counsel, Mark D. Griffith, violated Mason's Sixth Amendment right to effective assistance of counsel by allegedly failing to convey a particular plea offer to Mason and, relatedly, whether the CCA's consideration – and denial – of this claim was unreasonable.

## Legal Standards

I. <u>Review of State Court Adjudications Generally</u>

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an

-2-

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of §
2254(d)(1), an unreasonable application of federal law is different from an incorrect
application of federal law.... A state court's determination that a claim lacks merit
precludes federal habeas relief so long as fairminded jurists could disagree on the
correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)
(citations and internal quotation marks omitted). "Under § 2254(d), a habeas court
must determine what arguments or theories supported or ... could have supported, the
state court's decision; and then it must ask whether it is possible fairminded jurists
could disagree that those arguments or theories are inconsistent with the holding in
a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted);
*see Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d)
tasks courts "with considering not only the arguments and theories the state habeas
court actually relied upon to reach its ultimate decision but also all the arguments and
theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule
application was unreasonable requires considering the rule's specificity. The more
general the rule, the more leeway courts have in reaching outcomes in case-by-case
determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And
"even a strong case for relief does not mean the state court's contrary conclusion was
unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard
is difficult to meet, that is because it was meant to be," where, "[a]s amended by
AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation

-4-

of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to

show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Richter*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *cf. Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a

petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

II.    Review of State Court Determinations as to IAC Claims

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel ("IAC"), whether at trial or on direct appeal, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland*" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))).

Under *Strickland*, a habeas petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see also Buck v. Davis*, 580 U.S. ____, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)).

The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See Strickland*, 466 U.S. at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland*

and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)).

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods v. Etherton*, 578 U.S. ____, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit

-10-

of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

## Analysis

When Mason was convicted of possession with intent to distribute a controlled substance in August of 2013 (cause number 36947), two other cases against him were pending – both for drug possession in a drug-free zone (cause numbers 36945 and 3946). The Ellis County prosecutor made two offers to Mason before his trial in cause number 36947: the first, made in November of 2012, required Mason to plead guilty in all three cases in exchange for a sentence of 25 years of incarceration in each case, all to run concurrently, *see* Dkt. No. 12-5 at 155; the second, made in December of 2012 – which Mason contends was not conveyed to him – required him to plead guilty in 36947 in exchange for a 25-year sentence in that case and the prosecution dropping the two pending cases, *see id.* at 161. The first offer was the only one made at the final pretrial proceeding on February 8, 2013. *See id.* at 29.

In rejecting Mason's argument that the second offer was not conveyed to him, the state trial court obtained a detailed affidavit from Griffith, who explained, in part, that the second offer was received through

> an email from the prosecutor handling the case ... and conveyed to
> [Mason] on the 16th of January after receiving videos that had not yet
> been produced. All the evidence was reviewed at a jail visit on that date.

The plea bargain was fully explained and the dangers of trial were also fully explained. I informed [Mason] that the State would likely try the easiest case first and if he was found guilty, would likely try another case at least and ask that the sentences be stacked. [Mason] was adamant that he refused the plea bargain offer and wanted a trial. I told him to think about it and he informed me he had already thought about it and he was rejecting the plea offer. I told him that I would convey this to the prosecutor and it would likely never be offered again. He informed me he understood.

Dkt. No. 14-2 at 45-46.

The state trial court then made the following applicable findings:

10. Griffith is known to the Court as an attorney who practices criminal law in Ellis County, and the Court finds that Griffith's affidavit in response to the Court's order in this cause is credible.

11. Griffith has been practicing criminal defense law for more than twenty-two years and has tried over 100 jury trials.

12. Griffith received an email from the prosecutor handling the instant case on December 27, 2012, which indicated that the plea offer in the case was for twenty-five years in TDC for the possession of a controlled substance with intent to deliver and a dismissal of the other two cases.

13. Griffith responded to the offer by requesting copies of all videotapes that had not yet been produced.

14. Griffith received the requested videos and, went to the jail to discuss the evidence and plea bargain offer with [Mason] on January 16, 2013.

15. Griffith and [Mason] went over all the evidence, and Griffith explained the plea bargain offer in detail.

16. [Mason] informed Griffith at that time, and throughout Griffith's representation of [Mason], that he was not going to take the plea bargain offer and wanted a trial.

17. Griffith informed [Mason] that he believed the decision was a risky decision, but [Mason] was unwavering, stating he was not going to take anything in the way of a plea bargain including the one being offered.

18. Griffith informed [Mason] that the State would likely try the easiest case first and the sentences in the other cases, if tried later, could be stacked on the first.

19. Griffith told [Mason] that he would convey [Mason's] rejection of the offer to the prosecutor and that the offer would probably not be offered again.

20. After Griffith informed the prosecutor that [Mason] rejected the offer, the prosecutor pulled the offer.

-12-

21. The only offer made at final pretrial on February 8, 2013, was for twenty-five years on each of the three pending cases, to run concurrently.

22. On February 8, 2013, [Mason] rejected that offer.

23. [Mason] never conveyed to Griffith that he would accept any offer made by the State and explicitly rejected the offer for twenty-five years on one case with dismissal of the other two.

Dkt. No. 14-2 at 33-34.

"It is well established that a criminal defendant's right to effective assistance of counsel under the Sixth Amendment extends not just to trial or sentencing but to 'the negotiation of a plea bargain,' as it 'is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Scribner*, 832 F.3d 252, 257-58 (5th Cir. 2016) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). *Strickland*'s two-prong test therefore "applies to [Mason's] claim that his counsel was ineffective in failing to communicate the [second plea offer]." *Banks v. Vannoy*, 708 F. App'x 795, 799 (5th Cir. 2017) (per curiam) (citing *Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.")).

The state court developed a record and made a credibility determination – choosing to accept Griffith's sworn testimony that the offer at issue was conveyed to Mason – before denying Mason's IAC claim. This credibility determination, underlying the CCA's denial of this claim, makes the requirements for Mason's showing to obtain relief under Section 2254 particularly onerous. *See Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) ("A trial court's credibility determinations made on the basis of

conflicting evidence are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts." (quoting *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir. 1999))).

And the applicable factual findings here are substantial as compared to, for example, *Banks*, in which "[t]he state court's factual finding that Banks would not have taken a plea deal if one had been conveyed to him rested only on the court's observation that Banks had persisted in his claims of innocence throughout the proceedings." *Banks*, 708 F. App'x at 799 (pointing out "that a defendant's repeated declarations of innocence do not prove that he would not have accepted a guilty plea because '[r]easons other than the fact that he is guilty may induce a defendant to so plead'" (quoting *North Carolina v. Alford*, 400 U.S. 25, 33 (1970))); *see also id.* at 800 (finding that the district court erred by denying Section 2254 relief based on "Banks's continued claims of innocence, even when viewed through the 'doubly deferential' lens afforded under *Strickland* and AEDPA," since that basis to deny the claim appeared "to be in conflict with the Supreme Court's analysis in *Alford*").

More to the point – unlike the plea offer at issue here – the state court record in *Banks* did

> not conclusively indicate whether Banks's trial counsel actually communicated either of the two plea offers to Banks. The record [was] devoid of any further information past the initial two plea offers from the district attorney. There [were] no written correspondences, memos, or affidavits from defense counsel or any state agent attesting that the plea deals were communicated orally or in writing to Banks.

*Id.* at 800 (citations omitted).

-14-

"[T]he underdeveloped record ... and the state and district courts' reasons for denying relief without a hearing" in *Banks* required the United States Court of Appeals for the Fifth Circuit to "conclude that an evidentiary hearing ... [was] warranted." *Id.* (citations omitted). Here, by contrast, faced with a developed state court record, which included trial counsel's sworn testimony that the state court found to be both credible and thus dispositive, the undersigned cannot find that the state court's determination that the IAC claim raised should be denied amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)).

As to Mason's request for an evidentiary hearing, in a Section 2254 habeas action, a federal court cannot expand the record on a claim adjudicated on the merits in state court. *See Pinholster*, 563 U.S. at 181-82. That is, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 181. Because Section 2254 "requires an examination of the state-court decision at the time it was made," the Supreme Court has held that "the record under review is limited to the record in existence at that same time i.e., the record before the state court." *Id.* at 182. Therefore, like here, 28 U.S.C. "§ 2254(d)(1) bars a district court from conducting ... an evidentiary hearing" when the Court is adjudicating claims in a habeas petition under that provision. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (finding that a district court erred by relying on evidence obtained from a hearing conducted under 28 U.S.C. § 2254(e)(2) "to conclude that the state habeas court had unreasonably applied *Strickland*" and that the petitioner must

instead "overcome the limitation of § 2254(d)(1) on the record that was before the state court'" (quoting *Pinholster*, 563 U.S. at 185)).

Mason has not overcome the limitations of Section 2254(d)(1) – as explained above, the state court denied the merits of his IAC claim for a reason that was neither contrary to *Strickland* nor the evidence. *See, e.g., Banks*, 708 F. App'x at 800 (citing *Rapelje v. McClellan*, ___ U.S. ____, 134 S.Ct. 399, 400 (2013) ("A federal evidentiary hearing is permissible for a particular claim only if, among other requirements, the claim was not adjudicated on the merits by a state court." (internal quotation marks omitted)); *Arvelo v. Sec'y, Fla. Dep't of Corrs.*, 788 F.3d 1345, 1348 (11th Cir. 2015) ("If the state court decision was contrary to clearly established federal law, the federal courts are not necessarily limited to the state court record; instead, we may hold an evidentiary hearing and consider new evidence.").

## Recommendation

The Court should deny the application for writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 9, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE